UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | | |
|---|---|---|---|
| RAFI MOHAMMED, | | } | |
| | Plaintiff, | } | Civil Action, File No. |
| v | | } | |
| | | } | |
| STEPHEN EINSTEIN | | } | |
| & ASSOCIATES, P.C., and | | } | |
| CREDIT ACCEPTANCE CORPORATION, | | } | |
| | | } | |
| | Defendants. | } | |

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, Rafi Mohammed, complains of Defendant Stephen Einstein & Associates, P.C. [hereinafter "Einstein"] and Credit Acceptance Corporation [hereinafter "CAC"] and shows the court the following:

1. This court has jurisdiction of this case pursuant to (1) section 1692k(d) of the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692k(d), and 28 USCS § 1332 (a) (1).

2. Venue in this district is proper based on the location of Plaintiff's residence in this district; Defendants' regular transaction of business within this district; and Defendants having derived substantial revenue from services rendered in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Rafi Mohammed is a natural person who currently resides at 953 Baeck Street, Ronkonkoma, NY  11779.

6.  Rafi Mohammed is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7.  Einstein is a professional corporation with a principal place of business located at 20 Vesey Street, Ste. 1406, New York, NY 10007.

8.  The principal purpose of Einstein is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

9.  Einstein is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

10. Credit Acceptance Corporation ("CAC") is a New York foreign business corporation with a principal place of business at 25505 West Twelve Mile Road, Suite 3000, Southfield Michigan 48034.

11. The principal purpose of CAC is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. CAC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

13. At all times set forth below, Einstein was acting as an authorized agent of CAC.

14. The alleged debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Einstein brought a lawsuit against on behalf of Credit Acceptance Corp. in an attempt to collect a consumer credit card debt allegedly owed by Rafi Mohammed.  Einstein brought this suit in the First District Court of the State of New York, County of Suffolk

2

under Index No. CV-010802/13.

16. On or about January 10, 2014, Einstein became aware and acknowledged through written, electronic and/or telephonic communications that Graham & Borgese was representing Rafi Mohammed as his attorney in the above action.

17. Graham & Borgese's representation of Rafi Mohammed as his attorney in the above action never ceased and continues through the present time.

18. As a result of written, electronic and/or telephonic communications between Einstein and Graham & Borgese culminating in an email exchange coming to terms on the settlement of the above action, Einstein was aware of this continued representation.

19. Despite Einstein's knowledge of this continued representation and without any consent to communicate directly with Rafi Mohammed, Einstein mailed the agreed upon stipulation of settlement along with a cover letter directly to Rafi Mohammed.  The cover letter misrepresented that Rafi Mohammed's provision of his employer's information on the stipulation he returned to Einstein was a condition, agreed upon or otherwise, for Einstein's client agreeing to the terms set forth in the stipulation.

### FIRST CAUSE OF ACTION

20. Rafi Mohammed repeats and re-alleges the allegations contained in the above paragraphs 1-19.

21. Einstein violated 15 USC § 1692c (a) (2) by communicating with Rafi Mohammed when it knew Rafi Mohammed was represented by an attorney without any consent to communicate directly with Rafi Mohammed.

22. As a result of Einstein communicating directly with Rafi Mohammed without consent when Rafi Mohammed was represented by an attorney and Einstein misrepresenting that

Rafi Mohammed's provision of his employer's information on the stipulation he returned to Einstein was a condition, agreed upon or otherwise, for Einstein's client agreeing to the terms set forth in the stipulation, Rafi Mohammed became angered, frustrated, harassed and confused.

23. Einstein sending a stipulation of settlement directly to Rafi Mohammed without consent when Rafi Mohammed was represented by an attorney with Einstein's knowledge of this representation and misrepresenting that Rafi Mohammed's provision of his employer's information on the stipulation he returned to Einstein was a condition, agreed upon or otherwise, for Einstein's client agreeing to the terms set forth in the stipulation amounted to false representations or deceptive means to collect or attempt to collect a debt in violation of 15 USC § 1692e and 15 USC § 1692e (10).

## SECOND CAUSE OF ACTION

24. Rafi Mohammed repeats and re-alleges the allegations contained in the above paragraphs 1-19.

25. As part of the Summons, Complaint and/or application for a default judgment in the aforementioned state court action, Einstein on behalf of CAC sought post charge-off pre-judgment interest.

26. Einstein acted as set forth above as the authorized agent of CAC and either under directions from CAC to seek the above interest or with actual or implied knowledge by CAC that Einstein sought this interest.

27. Upon information and belief, Einstein and/or CAC did not have, could not obtain, and/or did not know whether it could obtain a written admissible agreement that provided the creditor with a legal right to recover post charge-off pre-judgment interest.

28. Einstein's seeking of and subsequent attempts to collect this post charge-off pre-judgment interest on behalf of CAC without possessing or knowing if it could obtain a written admissible agreement that provided the creditor with a legal right to recover post charge-off pre-judgment interest was in violation of 15 USC 1692f, 15 USC 1692f (1), 15 USC 1692d, 15 USC 1692e, and 15 USC 1692e (5), and (10).

## THIRD CAUSE OF ACTION

29. Rafi Mohammed repeats and re-alleges the allegations contained in the above paragraphs 1-19.

30. Upon information and belief, prior to initiating the state court action, Einstein on behalf of CAC sought to collect from Rafi Mohammed post charge-off pre-judgment interest.

31. At the time it undertook the above pre-suit collection efforts, Einstein and/or CAC did not have, could not obtain, and/or did not know whether it could obtain a written admissible agreement that provided the creditor with a legal right to recover post charge-off pre-judgment interest.

32. Einstein's seeking of this post charge-off pre-judgment interest on behalf of CAC without possessing or knowing if it could obtain a written admissible agreement that provided the creditor with a legal right to recover post charge-off pre-judgment interest was in violation of 15 USC 1692f, 15 USC 1692f (1), 15 USC 1692d, 15 USC 1692e, and 15 USC 1692e (5), and (10).

## FOURTH CAUSE OF ACTION

33. Rafi Mohammed repeats and re-alleges paragraphs 1-32 of this Complaint.

34. Rafi Mohammed is a consumer.

35. The actions, misrepresentations and violations of the FDCPA set forth in the Second and

Third Cause of Action were directed at Rafi Mohammed, and therefore are consumer oriented.

36. Defendants regularly attempt to collect debts from tens of thousands of consumers. Upon information and belief, the same or similar actions, misrepresentations and violations of the FDCPA set forth in the Second and Third Cause of Action were directed at many consumers as part of regular practice of Defendants.  For this additional reason, the actions, misrepresentations and violations of the FDCPA set forth in the Second and Third Cause of Action are consumer oriented.

37. The aforementioned action and misrepresentations were deceptive or misleading both in their own right and as a result of their violation of the FDCPA.

38. Rafi Mohammed suffered injuries as a result of the deceptive or misleading acts including but not limited to the aforementioned violations of his rights under the FDCPA along with the cost and effort of defending himself against a debt which Defendants had no legal right to collect and severe emotional distress.

39. In light of the facts set forth in paragraphs 34-38, each of the actions, misrepresentations and violations of the FDCPA set forth in the Second and Third Cause of Action constitute a violation of General Business Law 349 by Defendants.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

1. Statutory damages of $1,000;

2. Actual damages incurred by Plaintiff in the amount of $25,000.00 as a result of the anger, frustration, harassment, emotional distress and confused caused by Defendant's aforementioned violations.

3.  The costs and attorney's fees incurred by Rafi Mohammed in regard to this action;

4.  Statutory and actual damages in the amount of $25,000.00 incurred by Plaintiff for each of the violations of General Business Law 349 along with costs and attorney's fees incurred by Plaintiff; and

5.  Any and all other relief deemed just and warranted by this court.

Dated:          April 21, 2014


/s/_____
Mitchell L. Pashkin (MP 9016)
Attorney For Plaintiff
25 Harriet Lane
Huntington, NY  11743
(631) 335-1107

7

File No.

_____

RAFI MOHAMMED,

                    Plaintiffs,

      -v-

STEPHEN EINSTEIN
& ASSOCIATES, P.C. and
CREDIT ACCEPTANCE CORPORATION,

                    Defendants.
_____

**COMPLAINT**
_____

Mitchell L. Pashkin
Attorney For Plaintiff
25 Harriet Lane
Huntington, NY  11743
(631) 335-1107

8